UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===

DAVID MCKAY,

                Plaintiff,

   v.

THE CITY OF NEW YORK, MICHAEL
BLOOMBERG, Mayor of the City of New
York, RAYMOND KELLY, Police
Commissioner of the City of New York,
and Police Officer HARRY PEREZ,

                Defendants.
===

=COMPLAINT=

Ronald Podolsky
*Attorney at Law*
67 Irving Avenue
Brooklyn, New York 11237
---
(347) 298-3269

JUDGE KOELTL

13 CV 2948

ECF CASE

RECEIVED
MAY 0 2 2013
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. _____

DAVID MCKAY,

            Plaintiff,

COMPLAINT

v.

THE CITY OF NEW YORK, MICHAEL
BLOOMBERG, Mayor of the City of New
York, RAYMOND KELLY, Police
Commissioner of the City of New York,
and Police Officer HARRY PEREZ,

JURY REQUESTED.

            Defendants.

The Plaintiff, David McKay, as and for a Complaint, respectfully alleges:

### Jurisdiction and Venue

1. Jurisdiction of this Court is founded upon the allegations that the Fourth Amendment to the United States Constitution right against unreasonable searches and seizures and the Fifth Amendment to the United States Constitution right to equal protection of the laws and due process of law of the Plaintiff David McKay were violated by the defendants acting under color of state law; procedural jurisdiction if founded on of 42 U.S. Code, Section 1983; venue is in the Southern District of New York in that the Plaintiff is a resident of New York County; the offices of the City of New York and the Police Commissioner are in the Borough of Manhattan and the actions alleged took place in the Southern District of New York.

### The Parties.

2. At all times hereinafter mentioned, the Plaintiff David McKay was and still is a resident of

the City of New York, New York County.

3. At all times hereinafter mentioned the City of New York was and still is a municipal entity of the State of New York engaged in governmental activity.

4. At all times hereinafter mentioned the Defendant Michael Bloomberg was and still is Mayor of the City of New York and its chief administrative officer acting under color of New York State Authority.

5. At all times hereinafter mentioned the Defendant Raymond Kelly was and still is Police Commissioner of the City of New York and its chief administrative officer acting under color of New York State Authority.

6. At all times hereinafter mentioned the Defendant Harry Perez was and still is a Police Officer of the City of New York assigned to the 6th Police Precinct and did act under color of New York State Authority.

### Factual Allegations.

7. Prior to June 1, 2012, the Plaintiff had never been arrested and had no criminal record.

8. On June 1, 2012 in the vestibule at 105 Charles Street, New York, N.Y. the Plaintiff was arrested by the Defendant Officer Perez. The Defendant Perez intended to confine the Plaintiff; the Plaintiff was conscious of the confinement, the Plaintiff did not consent to the confinement and the confinement was not otherwise privileged or based upon probable cause.

9. At the time of the arrest, the Plaintiff was in the vestibule of 105 Charles Street, New York, N.Y. which is an occupied residential apartment house; that at that time and place the outer door of the building leading from the street to the vestibule was an unlocked entrance door

leading to a vestibule with no locking device thereon; that within the vestibule was an intercommunication device whereby residents of the building could permit entry beyond the locked door ar the rear of the vestibule leading to the secure part of the building. The Plaintiff denied that he was engaged in any criminal activity.

10. At the time of his arrest on June 1, 2012, the Plaintiff was placed in handcuffs and led directly across the street to the 6th Precinct; as fingerprinted and photographed and placed behind bars in a jail cell wherein other prisoners were located under various charges under investigation, at least one of which had blood stains on his clothing. During his incarceration thereat, the Plaintiff a non-smoker was compelled to breath in second hand smoke emitted by prisoners who were permitted to smoke cigarettes within the cell.

11. When it was determined that the Plaintiff had no arrest or criminal record he was served with a Desk Appearance Ticket compelling him under pain of additional possible criminal sanctions of arrest, to appear in Criminal Court City of New York County of New on July 9, 2012. By reason whereof and until November 30, 2012 when the case against the Plaintiff was dismissed, the Plaintiff was deprived of unfettered liberty including six appearances in Criminal Court and restrictions on travel.

12. On July 9, 2012, the Plaintiff appeared in Criminal Court as required and was served with a criminal complaint charging the Plaintiff with Criminal Trespass in the Second Degree which as verified by the Defendant Officer Harry Perez, on June 21, 2012. The Criminal Complaint intentionally and maliciously contained untrue assertions including elements not relevant to the nature of the charge which were inserted to embellish the accusations. The Plaintiff entered a not guilty plea. The District Attorney offered the Plaintiff a sentence of one

day community service if the Plaintiff would plead guilty which the Plaintiff rejected. The case was adjourned to August 23, 2012. Because Criminal Trespass in the 2d Degree has a sentence of up to one year incarceration and hence is legally considered a serious charge, the Plaintiff served a jury demand on the District Attorney.

13. On August 23, 2012 the Plaintiff appeared in Court and announced he was ready for trial at which time and place he was served with a supporting affidavit executed by the alleged owner of the building 105 Charles Street, verified July 11, 2012. The alleged supporting affidavit appeared to be a printed "block and paste" computer generated document. The alleged owner in handwriting specifically disputed significant assertions of the criminal complaint of Officer Perez. At no time did Officer Perez or any other member of the New York City Police Department dispute the handwritten assertions of the purported owner's supporting affidavit nor take steps to revise Police Officer Perez' complaint, by reason whereof the malicious prosecution of the Plaintiff continued until the case was dismissed on November 30, 2012.

14. At that appearance of the Plaintiff on August 23, 2012, the District Attorney offered the Plaintiff an Adjournment in Contemplation of Dismissal. Because such is not a favorable disposition, it was rejected by the Plaintiff. The case was then adjourned to October 25, 2012. Prior to October 25, 2012, the District Attorney was informed that the Plaintiff would not even agree to a "dismissal in the interest of justice".

15. On October 25, 2012 the Plaintiff again appeared in Criminal Court and was ready for jury trial; the case was then adjourned to November 7, 2012 for trial. On November 7, 2012, Plaintiff's attorney appeared in court and, because the Plaintiff was not present when the case was called, a warrant for the arrest of the Plaintiff was issued but stayed as were all warrants that day

because of the effect of Hurricane Sandy on the city transportation system. The case was adjourned to November 30, 2012. After the case was adjourned and the Plaintiff's attorney had left, Plaintiff was able to arrive at the court but was confronted with two long lines leading from the courthouse out into the street of persons waiting to go through the metal detector. When Plaintiff finally got to the courtroom his attorney was not there because of the adjournment, causing him great consternation and emotional distress. After several inquiries, a helpful court officer made several phone calls to the attorney's office and was informed that the attorney had gone to court. The officer then looked at the file and informed the Plaintiff that the case had been adjourned to November 30, 2012; that a warrant that had been issued for his arrest but was stayed because of the storm and that he was required to come back to court on November 30, 2012.

16. On November 30, 2012 the Plaintiff appeared and was ready for trial; the District Attorney, without motion by the Plaintiff, announced that it was conceding a "30.30" (N.Y. Criminal Procedure Law Section 30.30) whereupon the court dismissed the case by reason of violation of the Plaintiff's constitutional entitlement to a speedy trial. Such a dismissal is a favorable disposition on behalf of the Plaintiff.

17. The false arrest, false imprisonment and malicious prosecution of the Plaintiff by the defendant Officer Perez was intentional and was also consistent with the policy of the defendants The City of New York, Michael Bloomberg, Mayor, and Raymond Kelly, Police Commissioner to deal with the fact that that over 100,000,00 arrests yearly had been made, each of which had one or more criminal charges which had to be proven at trial beyond a reasonable doubt with the arrested person being presumed innocent unless found guilty or upon a plea or

other unfavorable disposition. With the limited number of judges, the policy was enacted by which criminal complaints were to some extent partial "block and paste" computer generated without regard to case-specific facts.. Instead of obtaining enough employees to handle the constitutionally appropriate process, a loss/benefit ratio determination was made to expedite the process and limit the number of actual trials. Thus untrue criminal complaints, such as that initiated against the Plaintiff were and are the result.

18. In addition a policy of creating a scale of pleas in descending order was instituted by the defendants more related to getting rid of cases by causing otherwise innocent defendants to plead to lesser punishment just to not have to keep coming back to court. The descending scale was: plead guilty with a very small penalty such as community service; if refused then an adjournment in contemplation of dismissal was offered at a later appearance; if refused a dismissal in the interest of justice would be offered; if refused the case as here would be dismissed or go to trial.

18. The malicious prosecution by filing of the subject complaint was also the result of failure of the defendant Raymond Kelly to properly train the defendant Perez and other officers and supervisors. In a rather questionable policy, the defendant Kelly instituted a practice of providing what amounts to private security guard services to certain apartment house owners whereby such owners sign affidavits permitting teams of at least two police officers each to enter such buildings and patrol the hallways and stairways in place of privately employed security guards. The premises 105 Charles Street was not one of those designated buildings. The complaint filed by Officer Perez contains an element attributable to those registered buildings which was not present on 105 Charles Street, but was apparently included by computer generated

assertions and signed by Officer Perez in the belief that 105 Charles Street had the same elements of criminal offense. The element was the assertion that there was a "No Trespassing" sign on the building. There was and is no such sign, and even were there such a sign it would not have been an element of the offense of criminal trespass in the 2d degree when the alleged trespass is at an occupied apartment building.

19. The failure to train Officer Perez and other officers and supervisors to relevant elements of the crime of Criminal Trespass in the Second Degree led to the false arrest, false imprisonment, malicious prosecution, deprivation of due process of law and equal protection of the law and unfettered liberty.

. 20. By reason of the false arrest, false imprisonment and malicious prosecution, the Plaintiff is required in filling out future applications for licenses and employment to answer "yes" to an inquiry as to whether he had ever been arrested. Although he might be permitted to explain what and why, it places him forever besmirched and his reputation and standing in the community sullied, was deprived of unfettered liberty from June 1 to November 30, 2012; suffered fear, humiliation and loss of confidence in and admiration of law enforcement efforts of the New York City Police Department.

## AS AND FOR A FIRST CAUSE OF ACTION FALSE ARREST

21. Plaintiff repeats and reiterates each and every allegation averred in paragraphs 1 through 20 as if more fully set forth herein at length.

22. On June 1, 2012 the defendant Officer Perez acting under color of state authority and under the policy of the defendants city of New York, Michael Bloomberg and Raymond Kelly relating to alleged trespass in apartment buildings, did handcuff and arrest the Plaintiff. The

7

Defendant Perez intended to confine the Plaintiff; the Plaintiff was conscious of the confinement, the Plaintiff did not consent to the confinement; the confinement was not otherwise privileged or based upon probable cause.   By reason whereof, the Plaintiff was deprived of his 4th Amendment right against unreasonable search and seizure; was deprived of unfettered liberty from June 1 to November 30, 2012 by the actions of all defendants acting under color of state authority and did suffer emotional and reputation forever besmearched standing in the community and indebtedness to his criminal trial attorney for fees of $3,500.00 all to his damage in the amount of $350,000.00

### AS AND FOR A SECOND CAUSE OF ACTION FALSE IMPRISONMENT

23.  Plaintiff repeats and reiterates each and every allegation averred in paragraphs 1 through 22 as if more fully set forth herein at length.

24.  On June 1, 2012 the defendant Officer Perez acting under color of state authority did arrest the Plaintiff.   Whereupon under the policy of the defendants city of New York, Michael Bloomberg and Raymond Kelly he was photographed and fingerprinted and placed behind bars in a prison cell with other persons charged with various crimes causing him fear and terror for his own safety.  The confinement was not otherwise privileged or based upon probable cause and deprive the Plaintiff of unfettered liberty.  By reason whereof, the Plaintiff was deprived of his 4th Amendment right against unreasonable search and seizure and imprisonment; by the actions of all defendants acting under color of state authority, and did suffer emotional and reputation besmearched standing in the community all to his damage in the amount of $350,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION MALICIOUS PROSECUTION

25.  Plaintiff repeats and reiterates each and every allegation averred in paragraphs 1

8

that citizens were entitled to environmental protection against the hazards of second hand smoke and that smokers be permitted to smoke in specifically designated areas.

30. By reason of the forceful confinement of the Plaintiff in an environmentally illegal cell he was compelled to suffer the requirement of breathing in smoke emitted from other prisoners' lungs causing him discomfort and distress, and deprived the Plaintiff of his right to equal protection of the laws to an legal environment, all to his damage in the amount of $350,000.00.

AS AND FOR A FIFTH CAUSE OF ACTION DENIAL OF DUE PROCESS OF LAW.

31. Plaintiff repeats and reiterates each and every allegation of praragraphs 1 through 30 as if more fully set forth herein at length.

32. On June 1, 2012 the Plaintiff against his will was confined in a jail cell at a time he was presumed to be innocent of the charges for which he was arrested.

33. The Plaintiff was placed in a jail cell wherein others incarcerated therein were permitted to smoke tobacco products, causing the Plaintiff to breathe in second hand smoke emitted from their lungs, all in violation of policy enacted by statute, ordinance and regulations specifically designed to ensure a smoke-free environment to protect non-smokers from having to breathe in smoke emitted from the lungs of smokers.

34. Upon information and belief, it has been held that involuntary compulsion by those acting under color of state authority to cause a prisoner to breathe in second hand smoke is a form of punishment, by reason whereof the Plaintiff was subjected to punishment without due process of law all to his damage in the amount of $350,000.00.

BY REASON WHEREOF, the Plaintiff respectfully requests judgment against each of the defendants in the sum of $350,000.00 together with costs, disbursements and reasonable attorney fees on each of the five causes of action herein contained.

Dated: April 18, 2013.

Respectfully Submitted,

*[signature]*

Ronald Podolsky
Attorney for the Plaintiff
67 Irving Avenue
Brooklyn, NY 11237
(347) 298-326

Federal Rule of Civil Procedure 11(b) Certification

Upon Information and belief, formed after an inquiry reasonable under the circumstances:
(1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

April 19, 2013.

RONALD PODOLSKY